UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-26142-ELFENBEIN

**CHARMAINE FLOYD**,

    Plaintiff,

v.

**KATHERINE FRANDLE**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *Pro Se* Plaintiff Charmaine Floyd's ("Plaintiff") Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [3]. Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply.[1] Under that statute, a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). After reviewing the pleadings, record, and relevant law, I recommend that the IFP

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-24355-CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the *in forma pauperis* (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

Motion, **ECF No. [3]** be **GRANTED**; and that the Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant § 1915(e)(2)(B)(ii).

I.     **FACTUAL BACKGROUND**

The Court is very familiar with Plaintiff's prolific history of filing Complaints in which she sues individuals but includes no factual allegations whatsoever, identifies no discernible claims, and no basis for federal question jurisdiction. Last week, the Honorable David S. Leibowitz designated Plaintiff as a restricted filer due to her vexatious filing history in the Southern District Florida, entering a limited injunction against her ability to file any new lawsuits in this District. *See Floyd v. Fla. Dep't of Agriculture Consumer Serv. Div. of Licensing*, Case No. 25-CV-23946-LEIBOWITZ, ECF No. [7] ("The Clerk is DIRECTED not to accept any future filings from Plaintiff unless Plaintiff (1) pays the filing fee; (2) affirms under oath that he is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file.") (emphasis omitted).

One day before Plaintiff's designation as a restricted filer, she filed a new Complaint — this time against Defendant Katherine Frandle. The Complaint, which is contained on the Court's "Complaint for a Civil Case" form, follows the same pattern as her dozens of other lawsuits. She identified the name of the Defendant in the case caption and stated that the basis for jurisdiction is a federal question. *See* ECF No. [1] at 1-2. In the section where Plaintiff must give the basis for federal question jurisdiction, Plaintiff wrote nothing. *See* ECF No. [1] at 3. The same holds true for the section where Plaintiff must identify any Defendant(s), her statement of claim, or any relief she is seeking, other than a statement that says "money asset stolen clothes." *See* ECF No. [1] at 3-5. The only other information included on the form complaint is Plaintiff's contact information and her signature. *See* ECF No. [1] at 1, 5. No other information was provided about Plaintiff's

claims, the basis for federal question jurisdiction, or why she is suing this Defendant.

## II.  LEGAL STANDARD

### a. IFP Motions

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.  The Eleventh Circuit has "observed that a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citation omitted).  "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307 (alterations adopted, quotation marks and footnote omitted).  "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted).  "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims

3

because of the filing fee requirements." *Id.* "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alterations adopted).

### b. Pleading Requirements

Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See id*. That means Plaintiff's Complaint must conform with Rule 8, which requires her to give a short and plain statement of her claims showing she is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires her to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted). With that said, courts must still be mindful to "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir.

2018) (citation omitted).

### III. DISCUSSION

#### a. The IFP Motion, ECF No. [3]

Evaluating a non-prisoner complaint when the plaintiff has filed a motion to proceed IFP instead of paying the filing fee is a two-step process. First, the Court must determine whether the statements in the IFP affidavit facially satisfy the requirement of poverty and demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. Second, for those plaintiffs who satisfy the first step, the Court must screen the complaint to ensure that it is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). If the complaint fails to satisfy any one of these prongs, it is subject to dismissal. *Id.*

Plaintiff has satisfied the first step here. Based on her IFP affidavit averring she is "unable to pay the costs of these proceedings" and the financial information contained within the affidavit, the Court finds that, because of her poverty, she is unable to pay for the court fees and costs. *See Martinez*, 364 F.3d at 1307. Accordingly, the IFP Motion, **ECF No. [3]**, should be **GRANTED**.

Moving to the second step, the Court must decide if the Complaint is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Because the Complaint fails to state a claim for relief, the Court need not analyze the other prongs, as the Complaint is due to be dismissed on this basis alone.

Although Plaintiff alleges in her Complaint that the Court has federal question jurisdiction by checking that box on the standard complaint form, *see* ECF No. [1] at 3, the Complaint does not identify the specific basis for federal question jurisdiction as no statutory grounds are

identified. But even liberally construed, the Complaint also fails to include a short and plain statement of a claim showing Plaintiff is entitled to relief, *see* generally ECF No. [1]; Fed. R. Civ. P. 8(a)(2), and fails to include "a demand for the relief sought," *see generally* ECF No. [1]; Fed. R. Civ. P. 8(a)(3). As noted, the Complaint is devoid of any allegations against the Defendant. *See generally* ECF No. [1]. It does not explain the legal theory under which Plaintiff seeks relief, much less any facts supporting that legal theory.

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, it is due to be dismissed under § 1915(e)(2)(ii) for failing to state a claim.

IV. **CONCLUSION**

For the above reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**;

2. Plaintiff's *pro se* Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. The Motion for Referral to Volunteer Attorney Program, **ECF No. [5]**, be **DENIED AS MOOT**; and

4. Consistent with Judge Leibowitz's Order designating Plaintiff as a restricted filer, that the Clerk of Court only be allowed to accept an Amended Complaint if Plaintiff (1) pays the filing fee; (2) affirms under oath that she is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file.

CASE NO. 25-CV-26142-ELFENBEIN

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on January 5, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

Charmaine Floyd
1243 N.W. 100 Terrence
Miami, FL 33147
PRO SE