UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-26142-CIV-DAMIAN/ELFENBEIN

**CHARMAINE FLOYD**,

    Plaintiff,
v.

**KATHERINE FRANDLE**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Magistrate Judge Marty Fulgueria Elfenbein's Report and Recommendation [ECF No. 7 ("Report")], entered on January 5, 2026.

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

On December 30, 2025, Plaintiff, Charmaine Floyd ("Plaintiff"), appearing *pro se*, filed a Complaint against Defendant, Katherine Frandle [ECF No. 1 ("Complaint")], a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3 ("IFP Motion")], and a Motion for Referral to Volunteer Attorney Program [ECF No. 5]. The case was assigned to Magistrate Judge Elfenbein pursuant to Administrative Order 2025-11. *See* ECF No. 2.

On January 5, 2026, Magistrate Judge Elfenbein issued the Report now before this Court recommending that the Court (1) grant the IFP Motion, (2) dismiss the Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(e), and (3) deny as moot the Motion for Referral to Volunteer Attorney Program. Report at 6. In the Report, Judge Elfenbein notes "Plaintiff's prolific history of filing Complaints in which she sues individuals but includes no

factual allegations whatsoever, identifies no discernable claims, and no basis for federal question jurisdiction." *Id.* at 2. Judge Elfenbein points out that, on December 31, 2025, United States District Judge David S. Leibowitz "designated Plaintiff as a restricted filer due to her vexatious filing history in the Southern District of Florida, entering a limited injunction against her ability to file any new lawsuits in this District." *Id.* (citing *Floyd v. Fla. Dep't of Agriculture Consumer Serv. Div. of Licensing*, Case No. 25-cv-23946-DSL, ECF No. 7).

The Complaint in the instant case was filed one day before Plaintiff's designation as a restricted filer. As noted in Judge Elfenbein's Report, Plaintiff's barebones Complaint fails to provide any information about her claims, the basis for federal question jurisdiction, or why she is suing this Defendant. *See id.* at 2–3. Judge Elfenbein concludes that, even liberally construed, the Complaint fails to satisfy basic pleading requirements and therefore is due to be dismissed under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim. *Id.* at 5–7. Judge Elfenbein recommends that Plaintiff's IFP Motion be granted, as Plaintiff has shown that she is unable to pay for the court fees and costs. *Id.* at 5.

The Report advised Plaintiff that she had fourteen days from receipt of a copy of the Report to file written objections, if any, with the assigned District Judge.[1] *See id.* at 7. To date, no objections have been filed and the time to do so passed on January 19, 2026.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory

---

[1] The Magistrate Judge entered a Paperless Order directing the Clerk to reassign the case to a District Judge, and the case was assigned to the undersigned on January 5, 2026. [ECF Nos. 8 and 9].

committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with Judge Elfenbein's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Elfenbein's conclusion that the Complaint does not provide any information showing that Plaintiff is entitled to relief and, therefore, dismissal of this case is warranted for failure to state a claim.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judge Elfenbein's Report and Recommendation **[ECF No. 7]** is **AFFIRMED AND ADOPTED** and fully incorporated into this Order for all purposes, including appellate review.

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* **[ECF No.** 3] is **GRANTED**.

3. Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Plaintiff's Motion for Referral to Volunteer Attorney Program [**ECF No. 5**] is **DENIED AS MOOT**.

5. Consistent with United States District Judge David S. Leibowitz's Order in Case No. 25-cv-23946-DSL, ECF No. 7, designating Plaintiff, Charmaine Floyd, as a restricted filer, the Clerk of Court is **DIRECTED not to accept any future filings from Plaintiff unless Plaintiff (1) pays the filing fee; (2) affirms under oath that she is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file**. *See Miller v. Donald*, 541 F.3d 1091, 1096–98 (11th Cir. 2008) (discussing appropriate restrictions that district courts may place on vexatious litigants).

6. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 27th day of January, 2026.

                                                        MELISSA DAMIAN
                                                        UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Marty Fulgueira Elfenbein

       Charmaine Floyd, *Pro se*
       1243 N.W. 100 Terrace
       Miami, FL 33147